No. 765

U. S. FID. & GUAR. CO. v. JONES, et

Ohio Appeals, 1st Dist., Warren Co.

No. 117. Decided May 17, 1926

1140. SURETIES—Sureties on executor's bond are liable for his defaults prior to release and not for subsequent shortages.

485. EXECUTOR & ADMINISTRATORS— Where a debtor is appointed executor, the debt becomes assets in his hands to be distributed and administered in accordance with law.

HAMILTON, J.

The United States Fidelity & Guaranty Co. filed its petition in the Warren Common Pleas seeking to recover against Charles Jones as principal and Maria Ross, Sophie Hill and Moses Hill as sureties, on an executor's bond for $10,000 on account of money paid by the Company to a distributee of the estate of Amanda Schnell, deceased.

It seems that the private sureties were released upon the final accounting of Jones as executor; and the Company became Jone's surety on a $12000 bond when he was reappointed administrator de bonis nom with will annexed. The distributee under the will was entitled to $2778.07 from Jones as administrator, and recovered a judgment against him for that amount. The Company, it claimed, paid the distributee's claim upon failure of Jones to do so.

It was alleged in the Common Pleas court that Jones was indebted to the estate in the sum of $1300 while he was executor thereof.

The lower court rendered a judgment against Charles Jones but dismissed the private sureties on his original $10,000 executor's bond; on demurrer.

The Company prosecuted error from this judgment. The sureties claim that they were only sureties on the bond of Jones as executor of Amanda Schnell's estate, and were released therefrom upon application; and whatever amount was shown due the estate came into Jones' hands upon his appointment as administrator de bonis nom.

The Court of Appeals held:

1. Where a debtor is appointed administrator or executor to his creditor, the debt becomes an asset in the hands of the administrator; and he as such becomes liable for it as for so much money in his hands when the debt becomes due; and sureties on his bond are liable for his failure to administer the same according to law.

2. The $1300 to which Jones was indebted to th eestate became an asset to be administered, and the sureties became liable for proper administration of this sum.

3. There was also a shortage of over $1000 by Jones as executor and not a debt due the estate.

4: In so far as the $1300 debt is concerned, the defendant sureties could not be held, since they were released and a new bond given upon reappointment of their principal, before final settlement of the estate.

5. The balance of the shortage, the $1000 was not a debt and as to that sum the Guaranty Co. is entitled to contribution.

6. Judgment sustaining the demurrer will be reversed and cause remanded.

Judgment reversed.

Attorneys—Howard W. Ivins for Company; Eltzroth, Maple & Maple for Jones et al; all of Lebanon.